UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────────────────

RICHARD ULLOA,

      **Plaintiff** *pro se*,                         05-CV-124
                                                                               (NAM/RFT)

**v.**

UNITED STATES OF AMERICA

    **INTERNAL REVENUE SERVICE &**
    **THOMAS A. CONLEY,**

      **Defendants.**
────────────────────────────────────────────

APPEARANCES:                                                                OF COUNSEL:

Richard Ulloa, *Pro se*

Bartholomew Cirenza, Trial Attorney
U.S. Department of Justice
Tax Division
PO Box 55, Ben Franklin Station
Washington, D.C. 20044
For Defendants

Hon. Norman A. Mordue, D.J.:

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

     Presently before the Court is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction based on plaintiff *pro se* Richard Ulloa's untimely filing of the complaint. Plaintiff opposes defendants' motion.

**BACKGROUND**

On January 31, 2005, plaintiff filed a "Complaint for Damages and Request that this Court Set Aside an Invalid Collection Due Process 'Determination' Lawlessly Issued Pursuant to 26 USC 6330".  The complaint alleges that defendants did not conduct a Collection Due Process Hearing "according to the law" regarding whether the United States could seize plaintiff's property in connection with a $500 penalty the Internal Revenue Service imposed for plaintiff's filing of an allegedly frivolous income tax return.  Plaintiff therefore claims that the resulting "determination" by the IRS that the IRS Collection Division "may proceed with the proposed levy action" is a "fraud and a mockery."

The Notice of Determination that is the subject of this action is dated December 28, 2004, and advises plaintiff:

> If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a re-determination.  The time limit for filing your complaint (30 days) is fixed by law.  The courts cannot consider your appeal if you file late.  If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

Complaint, Exhibit A.  As noted, plaintiff filed this action on January 31, 2005, 34 days after the date of the Notice of Determination.  Defendants move to dismiss based on the untimely complaint.

**DISCUSSION**

*Rule 12(b)(1) Motion to Dismiss*

In contemplating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court must "accept as true all material factual allegations in the complaint[,]" *Atlantic Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (citing

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), though "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Id*. (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)). Plaintiff brings this action *pro se*, thus his submissions should be held "'to less stringent standards than formal pleadings drafted by lawyers . . .'". *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction may include evidence outside the pleadings, e.g., affidavit(s) or otherwise competent evidence, and cannot be converted to a Rule 56 motion for summary judgment. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

### *Sovereign Immunity*

In this case, the United States is the defendant. As a sovereign, the United States "may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit." *Kulawy v. United States*, 917 F.2d 729, 733 (2d Cir. 1990) (citing *United States v. Sherwood*, 312 U.S. 584 (1941)). "When a statutory waiver of immunity exists, a plaintiff must strictly comply with the conditions to suit outlined by the statute or corresponding regulation." *Weisman v. Commissioner of IRS*, 103 F.Supp.2d 621, 626 (E.D.N.Y. 2000) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

Defendants seek dismissal on the basis that the Court lacks jurisdiction to hear this action because plaintiff failed to file his complaint within the 30-day period prescribed by 26 U.S.C. § 6330(d)(1), which states:

> (d) Proceeding after hearing.--
> (1) Judicial review of determination. The person may, within 30 days of a determination under this section, appeal such determination-
> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such

matter); or
(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

In opposition to dismissal, plaintiff asserts: (1) that the Government issued its Determination "on December 28, 2004 during the Christmas Holidays in order to have most [sic] Determination run out the 30 day clock"; (2) that the Determination was "picked up at the post office after the New Year"; (3) that a "reply was constructed and sent via Certified Mail on January 28, 2005 . . . 31 days from the Notice date"; and (4) that although "December 28, 2004 plus 30 is January 27, 2004" since plaintiff is a *pro se* litigant, he "deducted the . . . Holiday of New Years and I thought I had until January 28, 2005."

The United States Tax Court views the 30-day period prescribed in § 6330(d)(1) as jurisdictional. *Sarrell v. Commissioner of Internal Revenue*, 117 T.C. 122, 125 (2001) (finding petition filed 7 days after 30 day deadline expired, untimely); *McCune v. Commissioner of Internal Revenue*, 115 T.C. 114, 117-118 (2000). It is undisputed that the Determination is dated December 28, 2004, and the complaint was filed on January 31, 2005, 34 days later. As to plaintiff's arguments in opposition to dismissal, there is no evidence that defendants issued the Determination during the Holiday season in an effort to run down the 30 day clock for filing an appeal in United States District Court. Moreover, there is no legal authority for the proposition that the time period does not begin to run until plaintiff receives the Determination. *See e.g. id.* (holding that the statutory periods "cannot be extended by petitioner's unilateral action . . . in deciding when to pick up his mail."). Indeed, the statute and Determination specify that the 30 day period begins to run from the date the Determination is issued. *See* Complaint, Exhibit A; 26 U.S.C. § 6330(d)(1). Further, even assuming filing occurred upon the

4

mailing of the complaint, this action would still be untimely because plaintiff did not mail the complaint until January 28, 2005, one day after the 30 days period expired.  Finally, while the Court is cognizant of plaintiff's status as a *pro se* litigant, it cannot "deduct" the New Years Holiday from the 30 days as there is no indication in the statute or elsewhere that such a deduction is permissible.  *See Sarrell*, 117 T.C. 122 (declining to toll 30 day time period "because of intervening Jewish holidays, including Passover and Holocaust Memorial Day, and slow rural mail delivery in Israel").  Since plaintiff filed the complaint 4 days beyond the 30 day deadline, the Court lacks jurisdiction to consider his claims.  *See id.* at 117 ("The statutory periods are jurisdictional and cannot be extended.") (citing *Joannou v. Commissioner*, 33 T.C. 868, 869, 1960 WL 1087 (1960); *Hodges v. Commissioner*, T.C. Memo.1987-340)).  Accordingly, defendants' motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss pursuant to Rule 12(b)(1) is granted and the complaint is **DISMISSED**.

**IT IS SO ORDERED.**

DATE:  October 24, 2005

Norman A. Mordue
U.S. District Judge

5